**CLEVELAND HEIGHTS (City), Plaintiff-Appellee, v. GLOWE, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 21803, 21804. Decided September 11, 1950.

Roger Zucker, Cleveland, for plaintiff-appellee.
Gerald A. Doyle, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law. The

defendant was found guilty of violating Section 100-A of the zoning ordinance of the City of Cleveland Heights, by running a lodging house in a Class 1-A District.

The defendant is the owner of two single family dwelling houses known as 2457 and 2446 Kenilworth Road in the City of Cleveland Heights. There is no dispute but that said properties are in the Class 1A District under the zoning ordinance of the said City.

There is likewise no dispute but that the defendant and her family reside on the first floor of the property known as 2457 Kenilworth Road and that she rents the rooms on the second and third floors to six roomers or lodgers, all of whom pay rent to the defendant on a weekly or monthly basis.

The first floor of the said dwelling house known as 2446 Kenilworth Road is rented by defendant to a tenant, said tenant furnishing his own household furnishings. The rooms on the second and third floors which are furnished by the defendant, are rented to seven lodgers. There is no evidence that meals were furnished to the lodgers in either house. It is also conceded that the lodgers or roomers and the tenant occupying the first floor of 2446 Kenilworth Road all pay rent to the defendant on either a weekly or monthly basis.

A lodging house is defined in the zoning ordinance as follows:

"A building occupied for or arranged, intended, or designed to be occupied for, rooming or rooming and boarding for compensation by five or more, but not to exceed fifteen persons, by prearrangement for definite period of not less than one week in contra-distinction to hotels open for transients."

Section 100 A defines the uses permitted in a single family large lot district, classified as "Class 1A District." Nowhere in this classification is a lodging house included. Lodging houses are provided for and permitted in a Class 3B District under (2) of Section 300B of the ordinance.

It is defendant's claim that by the provisions of sub-section 4 of Section 101 of the zoning ordinance of said city, which section is headed "Accessory Uses and Restrictions in Class 1A and 1B Districts" she may rent rooms to five or more lodgers within the Class 1A District so long as she does not furnish table board to more than four persons. This section provides in part as follows:

"Subject to the off street parking regulations set forth in Sections 800 to 814, an accessory use customarily incident respectively to a Class 1A or Class 1B District use shall be

permitted in such respective district when such accessory use, building or structure is located upon the same lot with the main use or building to which it is accessory provided that:
* * *

"(4) Rooms only in the main building may be rented, and table board furnished for pay to not more than four persons, for definite periods of not less than one week, provided no window display sign, sign board or other visual or sound device is used to advertise such use and no culinary facilities in addition to those provided for one family are used."

This contention of the defendant is based upon the punctuation of this sub-section, that is, that the comma following the word "rented" in the first line of the sub-section, has the effect of making an independent clause of "rooms only in the main building may be rented" from the following clause "and table board furnished for pay to not more than four persons * * *."

Such construction is not tenable, however, when consideration is given to all of the provisions of the ordinance. An ordinance must be interpreted so as to carry out the intention of the legislature or city council and apparent contradictions reconciled if possible.

**Blackwell v. Bowman, 150 Oh St 34; 80 N. E. (2d) 493.**

The zoning ordinance under consideration clearly defines rooming houses and provides the districts in which they may be maintained. The ordinance shows that the council intended to provide against the establishment of a rooming or lodging house in Class 1A (single home) districts. To hold that a mistake in punctuation created in the defendant a right to use property in a Class 1A District as a lodging house is wholly inconsistent with the clear purpose of the zoning ordinance. This must be true when, if the defendant's claim is sustained there would be no limitation on the number of roomers or lodgers permitted in a Class 1A District where no table board is furnished, while the number is limited to 15 in a Class 3B District wherein lodging houses are provided for.

It is the duty of the court to disregard punctuation when absurd results would result from following a literal construction of an ordinance because of erroneous punctuation.

In the case of Erie R. R. Co. v. U. S. 240 F. 28 (C. C. A. Ohio 1917) it was said that the presence or absence of a comma in a statute is so nearly fortuitous that it is wholly unsafe as an aid to statutory interpretation.

A court may disregard or rearrange punctuation of statutes to effectuate the evident meaning of the legislature.

Hamilton v. Steamboat R. B. Hamilton, 16 Oh St 428 at p. 432. Shelley v. State, 19 C. C. (n. s.) 164, affirmed 85 Oh St 481.

The Shelley case was a criminal action involving a charge of embezzlement as defined by Sec. 6842 R. S. (§12467 GC) in which if the section had been literally followed as punctuated, the interpretation of the statute would have required the court to find that a three-year limitation in bringing an indictment for such crime was provided. The court held:

"1. There is abundant authority in this state for disregarding or rearranging punctuation of statutes in order to effectuate the evident meaning of the legislature.

"2. The three year limitation in Section 6842, Revised Statutes applies only to the period within which different conversions may be aggregated so as to constitute one embezzlement, and does not interpose any bar to the prosecution of the crime of embezzlement."

The defendant also claims that at the time she bought the property at 2457 Kenilworth Road she received a rooming house registration blank from the City of Cleveland Heights which she filled out and filed with the City, setting forth the number of roomers she intended to provide for, the number being in excess of four. Such circumstances however cannot be of help to the defendant. Knowledge on the part of a city official that a defendant intends to violate a zoning law restriction will not estop the city from enforcing the law. Zoning laws are passed in the interest of the public welfare and the benefit accrues not only to the municipality but also to the abutting property owners.

Pritz v. Messer, 112 Oh St 628, 149 N. E. 30; Rosenberg v. Mehl, 37 Oh Ap 95.

The record further shows that this action was filed and tried for the purpose of procuring a judicial determination of the meaning of Sec. 101 Sub-section 4. It might be said that it was intended to be a test case. This being true, it seems to this court that under all the circumstances the fines, although well within the limits provided by Sec. 53 of the zoning ordinances, were excessive and should be modified. This, however, is for the trial court's consideration, this court being without power to make such modification.

For the foregoing reasons the judgment is affirmed. Exc. Order see journal.

McNAMEE, J, HURD, J, concur.