IRVING FACHER AND MARVIN FACHER, PLAINTIFFS, v. C. ALFRED BATES, AS SECRETARY OF THE BOARD OF ADJUSTMENT, AND U. HARRY PERLMUTTER, JOSEPH C. CAPRIO, FREDERICK D. KAWTHRA, ANDREW J. NOLAN, AND JOHN B. ROONEY, AS MEMBERS AND CONSTITUTING THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided January 26, 1952.

*Mr. Philip Blank,* attorney for the plaintiffs.

*Mr. Charles Handler* (*Mr. Michael Breitkopf* appearing), attorney for the defendants.

DANIEL J. BRENNAN, J. S. C.   This is a proceeding in lieu of prerogative writ to review the determination of the Board of Adjustment of the City of Newark dismissing the appeal of the plaintiffs, who had requested the issuance of a permit by the defendant C. Alfred Bates, secretary of the board, who had denied the application.

It appears that on January 31, 1951, the plaintiffs purchased premises commonly known and designated as 585-591 Broadway, in the City of Newark, being a lot approximately 114 feet fronting on Broadway and having a depth of 100 feet on Romaine Place.   These premises are within the Second Business District as established under the zoning ordinance of the City of Newark, originally adopted by the board of commissioners on January 8, 1930, and thereafter amended and supplemented by the board.   The use regulations controlling Second Business Districts (section 7 of the zoning ordinance, as amended July 23, 1930, and May 15, 1940) do not prohibit the use of the premises as contemplated by the plaintiffs, *i. e.*, permission to cut curbs and use vacant land for the purpose of permitting customers of the proposed tenant to park on the premises while conducting business with the tenant.

There is posed here *in limine* the question of the jurisdiction of the board of adjustment.   Counsel for the defendants supports such action of the defendants on the basis of section 1, sub-paragraph (aa) of the zoning ordinance of the City of Newark.   The language of such subsection is reflected here literally, as follows:

"(aa) The term 'public garage' shall be construed to mean any building or premises in which a business, service or industry connected with motor vehicles is conducted or rendered, and shall include all premises used for motor vehicles either housed or unhoused, excepting automobile sales rooms conducted exclusively for the exhibition of not more than twenty vehicles."

The defendants contend that the action of the secretary of the board is reasonable, proper and legal; that the proposed use would constitute a nuisance and disturbance to the neighborhood, in that it would subject the neighborhood to unnecessary noise and annoyance, which is contrary to the zoning ordinance.

The premises here the subject matter of consideration are proposed to be used for the sale of ice cream and frozen custards. A permit had been granted by the Building Department of the City of Newark for the alteration of the structure now on the premises, plans in connection therewith having theretofore been approved by the building department.

This court has examined the pleadings filed, the testimony offered, including the matters contained in the pretrial order, and also the exhibits received in evidence. The briefs filed in behalf of the respective parties have also been considered, as well as the oral arguments of counsel appearing herein.

The court is at a loss to discover the attempted application of the subsection of the ordinance heretofore referred to as in any way a conference of jurisdiction on the board of adjustment. Manifestly it is intended to apply only to buildings on premises in which a business, service, or industry connected with motor vehicles is involved. To hold otherwise would be to do violence to our common language.

Counsel for the defendants attempts to further buttress his argument by the citation of *Albright v. Johnson,* 135 *N. J. L.* 70–73 *(Sup. Ct.* 1946); *City of Cleveland Heights v. Glowe,* 97 *N. E.* 2d 226 *(C. A. Ohio* 1950); and *Essex Investment Co. v. Board of Commissioners of Newark,* 14 *N. J. Misc.* 181 *(Sup. Ct.* 1936). No one of these cases is apposite to the instant situation. In both the *Albright* and *Essex Investment Co.* cases, *supra,* the subject matter was a gas station in each instance. The jurisdiction of municipalities to control such enterprises is so well settled as to need no citations by the court here. The cited case of *City of Cleveland Heights v. Glowe, supra,* refers to a lodging house, under an ordinance of the City of Cleveland Heights.

In the case *sub judice*, the subject matter relates to a request for the opening of curbs to permit land contiguous to the present structure, which is to be altered, to be used so as to accommodate the proposed tenant of the plaintiffs to conduct an ice cream and frozen custard business, with auxiliary parking incidental thereto and for the serving of transient trade. The court cannot reconcile itself to the arguments so advanced by counsel for the defendants. The reasoning of counsel is not applicable to the present subject matter, because of the nature of the use contemplated by the plaintiffs, as disclosed by them. The parking lot phase of the contemplated use does not constitute a public garage within the section of the ordinance cited by counsel for the board. The use of such auxiliary facility is self-evident from travel through any of our larger cities, and the design manifestly is to assist, rather than complicate the process of parking.

In view of the fact that the court concludes the Board of Adjustment of the City of Newark has no jurisdiction in the premises, either under the authority of the cited section of the zoning ordinance or of the cases purporting to support the city's view, the action of the Board of Adjustment of the City of Newark is, for the reasons herein indicated, set aside.

Judgment will be entered in favor of the plaintiffs, but without costs. An order may be submitted accordingly.